UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ONYINYE OBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-768-CMS |
| | ) | |
| ST. CHARLES HABILITATION CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Onyinye Obi's Application to Proceed in District Court Without Prepaying Fees or Costs and Motion to Appoint Counsel. ECF Nos. 2 and 3. Having reviewed the Application and the financial information submitted in support, the Court will grant the Application and waive the filing fee. For the reasons explained below, the Motion to Appoint Counsel will be denied. As Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Complaint**

On May 14, 2026, Plaintiff filed an employment discrimination complaint against her former employer, St. Charles Habilitation Center. ECF No. 1. She alleges employment discrimination under Title VII. *Id.* at 1. Termination is the only conduct of which Plaintiff

complains. *Id*. at 4. She claims that the discrimination was based on her national origin and "other," which she does not explain. *Id*. at 5. The period of discrimination is listed as December 5, 2024. *Id*. at 3.

Plaintiff states that she and a coworker named Constance took clients to Soulard Market on October 5.[1] *Id*. at 5. She alleges that, when they arrived at the market, she and Constance exited the bus to shop. *Id*. She claims that Constance began pulling her shoulder and hair, and the two got into a fight. *Id*. at 5-6. Plaintiff then describes at length how she knows Constance, their history together, that Plaintiff recommended Constance for the job, and their eventual falling out. *Id*. at 6.

Plaintiff claims the staff bullied her, including having clients not speak to her. *Id*. at 7. Plaintiff reported this to management. *Id*. She alleges that Constance joined in the bullying after their falling out. *Id*. Plaintiff complains that, after the fight with Constance, she was fired, but Constance was allowed to continue working. *Id*. Her only request for damages or any other relief is that she receives a fair judgment. *Id*. at 9.

**Discussion**

After reviewing the complaint, the Court concludes the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Given Plaintiff's self-represented status, the Court will allow Plaintiff to file an amended complaint.

**A. Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that Defendant is liable for discrimination.**

In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

[1] Plaintiff does not identify the year in which this occurred, but it is presumed to be 2024 based on her other allegations.

alleged." *Iqbal*, 556 U.S. at 678. Although complaints of self-represented plaintiffs must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

Plaintiff alleges discrimination based on her national origin but provides no facts supporting this allegation. She argues that other staff bullied her, but she does not establish any connection to her national origin. She also fails to state how her national origin had any impact on her firing as compared to Constance.

**B. Plaintiff must provide her charge of discrimination.**

Though Plaintiff provides her right to sue letter, she has not provided the Court with a copy of the charge of discrimination she filed with the EEOC. Plaintiff must supplement her complaint by submitting a copy of her charge of discrimination so that the Court may determine whether the claims in the complaint are like or reasonably related to the claims outlined in her charge. *See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004).

**Instructions for Amending Complaint**

In completing her amended complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a **short and plain statement** of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of

the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date on which such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action she believes was taken, when it was taken, and why it amounted to discrimination or other unlawful conduct. **Plaintiff must explain the role of the Defendant, so that the Defendant will have notice of what he or she is accused of doing or failing to do.** *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form, as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of the amended complaint completely replaces all

earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

**Motion to Appoint Counsel**

Plaintiff also filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to state a *prima facie* case of employment discrimination, so the request for appointment of counsel is premature. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Employment Discrimination Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her amended complaint with her charge of discrimination.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 1st day of September, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE